# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ISAAC GRAY,

    Plaintiff,

v.

MICHAEL MALONE,
MICHAEL REXROAD,
FEDERAL BUREAU OF INVESTIGATION
    INSPECTION DIVISION,

    Defendants.

Civil Action No.: CCB-20-249

## MEMORANDUM

On January 28, 2020, plaintiff Isaac Gray filed the above-captioned civil rights complaint, (ECF 1), along with motions to proceed in forma pauperis, (ECF 2), for appointment of counsel, (ECF 3), and for summary judgment, (ECF 4).[1] Gray's motion to proceed in forma pauperis will be granted. The remaining motions will be denied, as the complaint must be dismissed.

Although captioned as a complaint pursuant to 42 U.S.C. § 1983, it is clear the complaint is simply Gray's attempt to relitigate the matters raised in a prior petition for writ of habeas corpus.[2] The complaint includes documents Gray obtained through a Freedom of Information Act request, which concern a lengthy investigation conducted into the validity of Michael Malone's testimony regarding hair and fiber evidence as an examiner for the FBI. Gray claims that: (1) the state court "refused to adhere to the 'mandatory requirement' of Criminal Law § 3-303(e)" providing 30 days'

---

[1] Unless otherwise noted, references to CM/ECF correspond to entries in Civil Action No. CCB-20-249.

[2] Although brought against different defendants, the court notes that the claims asserted here are similar, if not identical, to the complaint Gray filed in *Gray v. Attorney Gen.*, Civil Action No. CCB-19-3432. For reasons similar to those discussed in this Memorandum, the court dismissed that complaint on December 10, 2019. *See Gray v. Attorney Gen.*, No. CV CCB-19-3432, 2019 WL 6717605 (D. Md. Dec. 10, 2019).

notice before trial when the State intends to seek a sentence of 25 years or more, and that the failure to provide that notice makes his 1985 sentence of natural life illegal, (ECF 1 at 5 (emphasis omitted));[3] (2) the state court failed to consider his *Brady* claim, (*id.* at 10); (3) the state court improperly denied his motion to correct an illegal sentence when it simply stated he should have raised it previously, (*id.* at 6–7); (4) the State's Attorney Michael Rexroad and F.B.I. agent Michael Malone engaged in an "extra-judicial conspiracy to convict him based on perjured testimony," (*id.* at 10); and (5) due to the misconduct of Rexroad and Malone, absolute immunity is unavailable as a defense, (*id.*). As relief, Gray seeks vacatur of his sentence with re-sentencing within guidelines of 18 to 33 years, as well as damages. (*Id.* at 21).

As Gray filed this complaint pursuant to 42 U.S.C. § 1983, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. Gray does not and cannot make the requisite showing that his conviction has already been invalidated, and may not raise claims for monetary damages where proof of the claims would impact on the validity of his criminal conviction. *See id.* at 487.

If Gray's complaint is construed as a petition for writ of habeas corpus, it must be dismissed as successive. This court denied Gray's petition for a writ of habeas corpus in an eighteen-page opinion issued on October 28, 2016. *Gray v. Stouffer*, No. CV CCB-15-29, 2016 WL 6403509, at *10 (D. Md. Oct. 28, 2016). Gray raised issues regarding hair identification, conspiracy, perjured testimony by the state's witness, and actual innocence. *Id.* at *5, 10. This court denied the petition after finding no error in the state court's analysis of the claims raised, given the evidence produced

---

[3] References to page numbers refer to numbers assigned by CM/ECF rather than any internal pagination.

at trial which indicated Gray's guilt of the offense, and two subsequent instances of Gray admitting his guilt in writing. *Id.* at *9–10. Gray appealed this court's decision to the Fourth Circuit, (ECF 46, Civil Action No. CCB-15-29), where it was affirmed, (ECF 49, 50, Civil Action No. CCB-15-29).

Under 28 U.S.C. § 2244, a petitioner may only file a second or successive habeas corpus petition if he has first moved in the appropriate Court of Appeals for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *see also Richardson v. Thomas*, 930 F.3d 587, 594 (4th Cir. 2019). The pending complaint, to the extent it seeks review of the validity of Gray's conviction and sentence, is a successive petition. Before this court may consider it, the Fourth Circuit must enter an order authorizing the court to do so.[4] *See* 28 U.S.C. § 2244(b)(3)(A). Because it does not appear that Gray has complied with this "gatekeeping" provision, this complaint, to the extent it is actually an application for habeas relief, must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

A separate order dismissing the complaint without prejudice, granting the motion to proceed in forma pauperis, and denying the motions to appoint counsel and for summary judgment follows.

_1/31/20_
Date

_CCB_
Catherine C. Blake
United States District Judge

---

[4] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition. It is to be emphasized that petitioner must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.